Opinion issued February 15, 2007












In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00950-CR






DANIEL LAYTON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from County Criminal Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 1266371






O P I N I O N

 A jury convicted appellant, Daniel Layton, of the misdemeanor offense of
driving while intoxicated (DWI), and the trial court assessed punishment at 180 days
in the Harris County jail, probated for one year, and a $300 fine. We determine
whether the trial court abused its discretion in admitting into evidence videotaped
statements made by appellant at the scene. We affirm.

BACKGROUND

 At 4:00 a.m. on October 27, 2004, Houston Police Officer C. Allen stopped 
appellant's car for a traffic violation. Allen testified that he noticed the smell of
alcohol on appellant's breath. The traffic stop and subsequent events leading up to
appellant's arrest were recorded on Allen's video camera. At trial, the videotape was
admitted into evidence as State's Exhibit 1.

 Allen asked appellant if he had been drinking alcohol. Appellant responded
that during the course of the night he had had about five or six drinks--his first drink
at 6:00 p.m. and his last drink at 12:00 midnight. Appellant also stated that he had
a "buzz," but was not intoxicated. Allen asked appellant if he was on any
medications, and appellant told Allen that he was taking Valium and Xanax. 
Appellant said he had not taken Xanax on the previous day, but had taken Valium at
2:00 p.m. Appellant explained that his doctor had prescribed the medications for high
blood pressure. Allen responded that it was probably not a good idea to be drinking
"on top of those." He also stated that the medications were not for high blood
pressure, but were for anxiety and asked appellant if he had read the inserts included
with the medication. 

 Allen then conducted a series of field sobriety tests: the horizontal-gaze-nystagmus (H.G.N.) test, the one-leg-stand test, the walk-and-turn test, and a
modified ABC test. Based on his conversation with appellant and appellant's
performance on the tests, Allen concluded that appellant was intoxicated and arrested
him for DWI. At the police station, when asked to give a breath sample, appellant
said that he wanted to talk to his lawyer first. Appellant did not give a breath sample. 

 Appellant filed a motion to suppress portions of the videotape of the traffic stop
and arrest on the ground that the portion of the videotape in which appellant stated
that he took Valium and Xanax was irrelevant. The trial court denied the motion. 
Before the videotape was admitted into evidence and played for the jury, appellant
again objected that the portions of the videotape mentioning Valium and Xanax were
irrelevant. The trial court overruled the objection, reasoning that an inquiry about
medications is a predicate to administering the H.G.N. test. Appellant argued that the
inquiry might be relevant, but the answer was not. The objection was again
overruled. 

DISCUSSION


 In his sole issue for review, appellant contends that the trial court erred in
admitting into evidence statements made at the scene regarding appellant's use of
Xanax and Valium without requiring the State to show relevance through reliable and
competent scientific evidence. Appellant argues that (1) the statements did not make
any fact of consequence more or less probable and were therefore irrelevant as to the
issue of intoxication and (2) in the alternative, even if relevant, the probative value
of the statements was substantially outweighed by the unfair prejudicial effect.

Standard of Review

 Generally, all relevant evidence is admissible. Tex. R. Evid. 402. Relevant
evidence is that which has a tendency to make the existence of a fact of consequence
more or less probable. Tex. R. Evid. 401. We review a trial court's ruling on a
motion to suppress evidence for abuse of discretion. Villarreal v. State, 935 S.W.2d
134, 138 (Tex. Crim. App. 1996); Taylor v. State, 945 S.W.2d 295, 297 (Tex.
App.--Houston [1st Dist.] 1997, pet. ref'd). An appellate court will reverse a trial
court's decision to admit evidence only upon a clear abuse of discretion. 
Montgomery v. State, 810 S.W.2d 372, 378-79 (Tex. Crim. App. 1990). A trial court
abuses its discretion when its decision was arbitrary, unreasonable, or outside of the
zone of reasonable disagreement. Id.

Admissibility of the Statements

 Appellant argues that the statements made regarding the medication were
irrelevant because they had no tendency to make the fact of intoxication more or less
probable. See Tex. R. Evid. 401, 402. Appellant further argues that, to show
relevance, the State was required to show by reliable and competent scientific
evidence involving extrapolation that appellant was under the influence of the
medications while driving. 

 It is clear that the State did not introduce appellant's statements regarding his
use of Xanax and Valium to establish that appellant was under the influence of those
drugs while driving because the State did not make any reference to appellant's use
of these medications during the trial testimony or the State's closing argument. 
Appellant's statement that he took those medications was in response to a question
by Allen. In denying appellant's motion and objection, the trial court explained that
Allen's question was relevant as a predicate inquiry to the administration of the
H.G.N. test. 

 Appellant also argues on appeal that, if relevant, the unfair prejudice of the
portions of the videotape outweighed their probative value. See Tex. R. Evid. 403. (1) 
Appellant contends that under a Reese v. State analysis, the evidence fails the rule 403
balancing test. See 33 S.W.3d 238 (Tex. Crim. App. 2000). The court in Reese set
out the following factors to be considered in determining whether prejudicial effect
of evidence outweighs its probative value: (1) the degree to which the evidence is
probative, (2) the potential of the evidence to impress a jury in an irrational but
indelible way, (3) the time the proponent needs to develop the evidence, and (4) the
proponent's need for the evidence. The Reese analysis does not apply in this case
because the State did not argue that this evidence was probative of the fact of
appellant's intoxication at the time of the stop. Id. at 240-41. 

 In addition, because this evidence was not used as proof of intoxication, but
was merely a result of predicate questions before administering the H.N.G. test, a
"gatekeeper" hearing was not required. See, e.g., DeLarue v. State, 102 S.W.3d 388,
401 (Tex. App.--Houston [14th Dist.] 2003, pet. ref'd) (determining that trial court
erred in admitting, without Daubert-Kelly hearing, evidence of marijuana in
bloodstream to show effect on intoxication). 

 We conclude that the trial court did not abuse its discretion in admitting the
portion of the videotape that contained appellant's statements regarding Xanax and
Valium. 

 Appellant also contends that it was error for "the jury to hear portions of the
scene video that included . . . Allen's unsubstantiated opinions about the
medications." At trial, appellant did not make a specific objection to Allen's
statements regarding the use and effect of Xanax and Valium. Therefore, we have
nothing to review. See Tex. R. App. P. 33.1(a). 

CONCLUSION


 We overrule appellant's sole issue and affirm the judgment.



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Jennings, and Higley. 


Justice Jennings, dissenting.


Publish. Tex. R. App. P. 47.2(b). 

1. At trial, appellant referred to "a 403 analysis" and then objected that the videotape
was not relevant. Appellant did not object that the probative value of the evidence was
substantially outweighed by unfair prejudice. See Tex. R. Evid. 402, 403. Although, in our
view, appellant's passing reference to rule 403 while making a rule 402 objection does not
preserve a rule 403 objection, we nevertheless address appellant's issue because it is closely
tied to his extrapolation argument.